Terri Lee **HALDERMAN**, et al.

v.

**PENNHURST STATE SCHOOL AND HOSPITAL, et al.**

**Civ. A. No. 74–1345.**

United States District Court,
E.D. Pennsylvania.

Nov. 27, 1989.

David Ferleger, Philadelphia, Pa., for plaintiffs.

R. Stephen Barrett, Asst. County Solicitor, Norristown, Pa., for Montgomery County.

Thomas M. Kittredge, Philadelphia, Pa., for Chester, Bucks and Delaware Counties.

Richard Gold, Philadelphia, Pa., for Philadelphia County.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiffs' counsel again move for an award of attorneys' fees for the monitoring and enforcement of the Pennhurst settlement agreement, the terms of which are described in *Halderman v. Pennhurst State School & Hosp.*, 610 F.Supp. 1221 (E.D.Pa.1985). They seek $41,925 in compensation for the period commencing July 1, 1986 and ending July 27, 1987 against defendants Bucks, Chester, Delaware, and Montgomery Counties. Counsel's first petition, which requested $37,534.44, was dismissed by Order on November 24, 1987 because it did not identify with sufficient particularity what amounts were sought against each defendant County. Although defendants did oppose the initial request for fees, they have not filed objections to this renewed motion.

### I.

■ Section 1988 of Title 42 states that in certain civil rights proceedings the court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." Several courts have held that the reasonable post-judgment monitoring of consent decrees or settlements is compensable under section 1988, particularly when defendants, as here, *see, e.g., Halderman v. Pennhurst*

*State School & Hosp.,* No. 74–1345, slip op., 1989 WL 100207 (E.D.Pa. Aug. 28, 1989), have displayed hostility toward or disregard for the terms of the agreement. *See Brewster v. Dukakis,* 786 F.2d 16, 18–19 (1st Cir.1986); *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 762 F.2d 272, 276–77 (3d Cir.1985), *aff'd in part and rev'd in part,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Garrity v. Sununu,* 752 F.2d 727, 738 (1st Cir.1984); *Northcross v. Board of Education,* 611 F.2d 624, 637 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Bond v. Stanton,* 630 F.2d 1231, 1233 (7th Cir.1980); *Miller v. Carson,* 628 F.2d 346, 348 (5th Cir.1980); *Imprisoned Citizens Union v. Shapp,* No. 70–3054, slip op., 1988 WL 59270 (E.D.Pa. June 8, 1988). Moreover, when the decree or settlement assigns various future responsibilities to the parties, compensation for executing its terms are permissible, unless, of course, the compact forbids it. *See generally In re Burlington Northern, Inc. Employment Practices Litigation,* 832 F.2d 422, 427 (7th Cir.1987).

■ The Pennhurst settlement agreement implicitly contemplates that plaintiffs' attorneys will perform a monitoring function. The agreement not only requires defendants to assemble implementation reports concerning class members and distribute them to class counsel, it also provides plaintiffs with remedies in the event that defendants fail to adhere its dictates. *See* Final Settlement Agreement ¶¶ 9(e), 18 & 21; *id.,* app. A ¶¶ A5(b)–(c) & A8; *id.,* app. B ¶ B9; Amendment to Final Settlement Agreement, Dec. 2, 1986, ¶¶ 5 & 7–8. For example, paragraph 18 permits class members to institute enforcement proceedings if they ascertain "that any party to this Final Settlement Agreement is failing adequately to discharge its obligations hereunder." Authority to acquire and review data necessary to determine the adequacy of each defendant's compliance obviously inheres within this provision, for without that authority the rights delineated in the agreement would be rendered meaningless.

## II.

■ The benchmark of an award under fee shifting statutes such as section 1988 is that the costs assessed against the non-prevailing party be "reasonable." *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley I),* 478 U.S. 546, 562, 106 S.Ct. 3088, 3096, 92 L.Ed.2d 439 (1986). The initial estimate of fees, or lodestar, is calculated by multiplying the number of hours reasonably devoted to the litigation by a reasonable hourly rate for each attorney involved. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984); *see also Blanchard v. Bergeron,* — U.S. —, 109 S.Ct. 939, 944–45, 103 L.Ed.2d 67 (1989). The Supreme Court has emphasized that the resulting figure is "more than a mere 'rough guess'" of the final award. *Delaware Valley I,* 478 U.S. at 564, 106 S.Ct. at 3097. Rather, it is "'presumed to be the reasonable fee' to which counsel is entitled." *Id.* (quoting *Blum,* 465 U.S. at 897, 104 S.Ct. at 15). Although the fee award should be adequate enough to attract competent counsel, which in turn enlarges "the likelihood that the congressional policy of redressing public interest claims will be vindicated," *Student Public Interest Research Group v. AT & T Bell Laboratories,* 842 F.2d 1436, 1449 (3d Cir. 1988); *see also* House Comm. on the Judiciary, The Civil Rights Attorney's Fees Award Act of 1976, H.R.Rep. No. 1558, 94th Cong., 2d Sess. 9 (1976), it should not constitute an undue windfall. *Delaware Valley I,* 478 U.S. at 565, 106 S.Ct. at 3098. As a result, the district court must exclude from the lodestar calculation those hours not "reasonably expended" on the litigation, *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), and may apply either a contingency or quality enhancement only in rare circumstances. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air (Delaware Valley II),* 483 U.S. 711, 728, 107 S.Ct. 3078, 3088, 97 L.Ed.2d 585 (1987); *Delaware Valley I,* 478 U.S. at 565, 106 S.Ct. at 3098; *Blum v. Witco Chem. Corp. (Blum II),* 888 F.2d 975, 980 (3d Cir.1989).

In this case, plaintiffs' counsel have submitted summaries of their diaries in addition to affidavits indicating that they recorded contemporaneously the time expended monitoring and enforcing the settlement agreement. Defendants do not dispute the validity of the hours claimed. As such, the Court finds that counsel have tendered sufficiently "accurate records of the amount of time spent and the manner in which it was spent" for the Court to assess fairly attorneys' fees without the necessity of a hearing. *In re Meade Land & Dev. Co.*, 527 F.2d 280, 283 (3d Cir.1975); *see also Blum v. Witco Chem. Corp. (Blum I)*, 829 F.2d 367, 377 (3d Cir.1987).

### A. Reasonable Hours

Plaintiffs' counsel seek reimbursement for the following expenditure of hours:

David Ferleger, Esq.
    Against Bucks County ............................................... 1.40
    Against Chester County ............................................... 1.40
    Against Delaware County ............................................. 2.90
    Against Montgomery County ........................................... .30
    Against All Defendants Collectively.................................. 19.40
Barbara Hoffman, Esq.
    Against Bucks County ................................................. .10
    Against Delaware County ............................................. .10
    Against All Defendants Collectively.................................. 22.20
Barbara Sheehan, Law Clerk
    Against All Defendants Collectively.................................. 35.10

---

■ Although the Court finds on the basis of the record that reimbursement for plaintiffs' counsel's monitoring efforts is justified because those services were related reasonably to the goals of the settlement, *see Delaware Valley*, 762 F.2d at 276; *Imprisoned Citizens Union, supra,* the Court also concludes that some modification of plaintiffs' requested hours is in order. First, counsel is entitled as a general proposition to recover for time spent preparing attorneys' fees requests, *see Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897, 924 (3d Cir. 1985), but the Court may not award fees for time devoted to unsuccessful fee claims just as it typically may not grant compensation for time expended on unsuccessful claims asserted in the litigation proper. *See Hensley*, 461 U.S. at 435, 440, 103 S.Ct. at 1940, 1943; *Durett v. Cohen*, 790 F.2d 360, 363 (3d Cir.1986); *Proffitt v. Municipal Auth. of Morrisville*, 716 F.Supp. 845, 850 (E.D.Pa.1989). Therefore, we will not allow the 2.5 hours that Ms. Sheehan spent on the 1987 fee petition which the Court dismissed as inadequate, *see Hensley*, 461 U.S. at 436–37, 103 S.Ct. at 1941–42, especially since that time is vaguely characterized.

■ Second, plaintiffs' counsel submit that because it is not certain that any particular county will disgorge payment for the fees and costs attributable to it, the Court should require each defendant County to pay the full cost for all time spent against the Pennhurst defendants collectively. For instance, assuming that David Ferleger engaged in 20 hours of work directed against all defendants generally and that he charges $200 per hour, by counsel's logic the Court should order each and every fee defendant to pay $4000, for a total recovery of $16,000. Adjustments for excess payments, class attorneys' argument continues, can be made later. This is inappropriate.

The Court need not pause to discern whether the County defendants are in fact jointly and severally liable for fees. *See Dean v. Gladney*, 621 F.2d 1331, 1340 (5th Cir.1980) (articulating standards), *cert. denied*, 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981); *Shakman v. Democratic Org. of Cook Co.*, 634 F.Supp. 895, 904 (N.D.Ill.1986) (same); *Vulcan Soc. of Westchester Co. v. Fire Dep't of White Plains*, 533 F.Supp. 1054, 1064 (S.D.N.Y. 1982). Even if they are, that conclusion does not require the Court to assign joint

and several liability or to permit duplicative payments. As the Eleventh Circuit has held,

> In addition to having discretion on when to apportion fees, district courts also have wide discretion on *how* to divide liability for fees.... Most simply, in cases with roughly equal wrongdoers in which the court does not want to impose joint and several liability for attorney's fees, the fees can be divided equally among the defendants.

*Council for Periodical Distributors Ass'ns v. Evans,* 827 F.2d 1483, 1487 (11th Cir.1987) (citations omitted). Class attorneys themselves represent that the monitoring of the Pennhurst settlement agreement was of a general character, directed for the most part against defendants' collective performance. More importantly, however, rendering the Counties jointly and severally responsible in the manner contemplated by plaintiffs' attorneys would be inefficient. Adoption of their proposed fee allocation method virtually guarantees that they will receive at least some redundant payments, while the assumption that defendants will disregard an order awarding fees is speculative. Thus, to authorize duplicative awards merely would inject needless complexity into the administration of the award and invite further expenditure of judicial resources, for the Court would be obliged, of course, to mediate any disputes concerning later adjustments for overlapping fee recovery.

Third, counsel state that the category of collective time includes those hours "which were expended generally in the case, with regard to *all the Defendants, including the Commonwealth and all counties.*" Plaintiffs' Renewed Motion for Fees at 2. Two defendants, however, are not before the Court. The Commonwealth and the City of Philadelphia previously remitted a portion of the fees and expenses sought in plaintiffs' original motion "with the understanding that counsel for the plaintiff-class would not seek any further compensation for the services rendered during the relevant period from these defendants." *Halderman v. Pennhurst State School & Hosp.,* No. 74–1345, slip op. at 1, 1987 WL 25235 (E.D.Pa. Nov. 24, 1987); *see also* Plaintiffs' Letter of Sept. 10, 1987, at 2 n. \*\*. Plaintiffs' attorneys either have or should have recovered fees for the shares of those collective hours attributable to the Commonwealth and Philadelphia, and they may not now seek to impute that same time to other defendants.

■ Last, plaintiffs' counsel ask that the Court enhance the number of compensable hours by ten percent to account for time worked but not documented. They claim that the failure to record those hours was due to the itinerant nature of the representation. Although there is some precedent for this form of adjustment, *see Greater Los Angeles Council on Deafness v. Community Television of S. California,* 813 F.2d 217, 221 (9th Cir.1987), there is little reason why attorneys, whose professional duties often dictate that they travel, cannot keep contemporaneous notations when conducting business outside the office. Indeed, that is standard practice, and adherence to it is not particularly onerous. Additionally, even if the Court were inclined to embrace the rule advanced by counsel, plaintiffs' attorneys do not sufficiently specify what work they engaged in or indicate what basis they have to believe than an enhancement of ten percent accurately compensates for time not recorded. In consequence, the Court could not possibly review whether the expenditure of those undocumented hours were reasonable or even related to the monitoring and enforcement of the Pennhurst settlement agreement. *See Hensley,* 461 U.S. at 433–34, 103 S.Ct. at 1939–40; *In re Meade Land & Dev. Co.,* 527 F.2d at 283.

To summarize, the Court will not impose joint and several liability for the payment of attorney services directed against all defendants generally, but instead will allocate responsibility among the defendant Counties equally. The Court further will disallow one-third of those collective hours claimed in order to reflect counsel's prior receipt of fees for that time from the Commonwealth and Philadelphia. Thus, reimbursement for the following hours is proper:

David Ferleger, Esq.

Against Bucks County .............................................. 4.63
Against Chester County ............................................ 4.63
Against Delaware County .......................................... 6.13
Against Montgomery County ...................................... 3.53

Barbara Hoffman, Esq.

Against Bucks County .............................................. 3.80
Against Chester County ............................................ 3.70
Against Delaware County .......................................... 3.80
Against Montgomery County ...................................... 3.70

Barbara Sheehan, Law Clerk

Against Bucks County .............................................. 5.43
Against Chester County ............................................ 5.43
Against Delaware County .......................................... 5.43
Against Montgomery County ...................................... 5.43

### B. Hourly Rates

The second step in computing the lodestar involves a determination of the hourly rate at which plaintiffs' counsel should be paid. "The reasonable value of an attorney's time is the price that time normally commands in the marketplace, which is generally reflected in the attorney's normal billing rate." *Black Grievance Comm. v. Philadelphia Elec. Co.*, 802 F.2d 648, 652 (3d Cir.1986), *vacated*, 483 U.S. 1015, 107 S.Ct. 3255, 97 L.Ed.2d 754 (1987), *remanded*, 825 F.2d 768 (3d Cir.1987); *see also Missouri v. Jenkins*, — U.S. —, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989) ("Our cases have repeatedly stressed that attorney's fees awarded under [section 1988] are to be based on market rates for the services rendered."); *In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 590–91 (3d Cir.1984). By affidavits, Mr. Ferleger and Ms. Hoffman state that near the end of the relevant period their usual hourly rates were $200 and $150, respectively. The services of the law clerk were billed at $25 per hour. Because there are no special circumstances in this case suggesting that the Court should set a different rate, *see Student Public Interest Research Group*, 842 F.2d at 1445; *Fritz v. White*, 711 F.Supp. 1350, 1357 (E.D.Pa.1989), and because defendants do not dispute the propriety of these levels of compensation, the Court finds that the actual billing rates are reasonable, particularly in light of counsel's extensive experience as advocates for the handicapped. *See Halderman v. Pennhurst State School & Hosp.*, 533 F.Supp. 649, 658 (E.D.Pa.1982).

Plaintiffs' attorneys urge the Court to utilize in calculating the award their present hourly charges, rather than their 1986–87 rates, in order to compensate for the delay in payment. Adjustments for delay, such as by the "application of current rather than historic hourly rates," are permissible under section 1988. *Jenkins*, 109 S.Ct. at 2469; *see also Blum II, supra; Institutionalized Juveniles*, 758 F.2d at 923–24. Because the payment of fees often is deferred for years even though an attorney's "expenses of doing business continue," *Delaware Valley II*, 483 U.S. at 716, 107 S.Ct. at 3081, a contrary rule would create great hardship and thus deter "otherwise willing attorneys from accepting complex civil rights cases" in contravention of the purpose of section 1988. *Jenkins*, 109 S.Ct. at 2469 n. 6.

Compensation for delay by employment of counsel's 1989 rates is not proper in this case. In figuring the lodestar the Court has applied the rates at which plaintiffs' attorneys billed their clients effective July 1, 1987. Prior to that, counsel's hourly charges were slightly lower. By utilizing the market rate current when the motion for fees originally was filed, the Court already has incorporated an appropriate enhancement for the various delays in payment for services conducted between July 1, 1986 and July 27, 1987. No upward adjustment for delay after July 27, 1987, however, is justified. The applicants seek an interim fee award, which in economic terms "does not differ from an enhance-

ment for delay in payment." *Id.* In fact, not only are they functionally equivalent to upward rate adjustments for delay, interim awards are allowed precisely because deferral of payment often causes considerable hardship. The Court is not confronted with a situation in which counsel was unable for years to petition for fees because they had not yet received a favorable decision. The delay since July 27, 1987 is attributable solely to counsel's own conduct, namely, their initial submission of a deficient fee petition and their subsequent inaction for two years. Thus, plaintiffs' counsel received an opportunity to avoid much of the adverse impact that results from delay, but chose not to avail themselves of it.

In consideration of the foregoing, the Court will award fees in this manner:

David Ferleger, Esq.
    4.63 hours against Bucks County @ $ 200/hr. ............................. $ 926
    4.63 hours against Chester County @ $ 200/hr ........................... $ 926
    6.13 hours against Delaware County @ $200/hr. ......................... $ 1226
    3.53 hours against Montgomery County @ $ 200/hr ...................... $ 706
Barbara Hoffman, Esq.
    3.80 hours against Bucks County @ $ 150/hr............................. $ 570
    3.70 hours against Chester County @ $150/hr ........................... $ 555
    3.80 hours against Delaware County @ $ 150/hr ......................... $ 570
    3.70 hours against Montgomery County @ $ 150/hr ...................... $ 555
Barbara Sheehan, Law Clerk
    5.43 hours against Bucks County @ $25/hr.............................$135.75
    5.43 hours against Chester County @ $25/hr ...........................$135.75
    5.43 hours against Delaware County @ $ 25/hr .........................$135.75
    5.43 hours against Montgomery County @ $ 25/hr.......................$135.75

## C. Expenses

Plaintiffs' counsel also seek $970.96 in costs. Although the Court finds the expenses reimbursable, the total figure must be reduced by one-third in recognition of those portions attributable to the Commonwealth and Philadelphia, as explained previously. The Court therefore will award $647.32 in costs, to be divided equally among the defendant Counties.

## III.

To conclude, the Court will allow attorneys' fees and costs in the following amounts:

Against Bucks County
    Attorneys' Fees .................................................$1631.75
    Allowable Costs .................................................$ 161.83
      Total .......................................................$1793.58
Against Chester County
    Attorneys' Fees .................................................$1616.75
    Allowable Costs .................................................$ 161.83
      Total .......................................................$1778.58
Against Delaware County
    Attorneys' Fees .................................................$1931.75
    Allowable Costs .................................................$ 161.83
      Total .......................................................$2093.58
Against Montgomery County
    Attorneys' Fees .................................................$1396.75
    Allowable Costs .................................................$ 161.83
      Total .......................................................$1558.58
Total Against County Defendants .........................................$7224.32

## ORDER

AND NOW, this 27th day of November, 1989, for the reasons set forth in this Court's Memorandum of November 27, 1989,

IT IS ORDERED that defendant Counties shall pay fees and costs to plaintiffs' attorney David Ferleger for the period of July 1, 1986 to July 27, 1987 in these amounts: Defendant Bucks County, $1793.58; Defendant Chester County, $1778.58, Defendant Delaware County, $2093.58; and Defendant Montgomery County, $1558.58.